UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| TIMOTHY HOPSON, SR., | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 2:20-CV-217 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| ADVANCE AUTO PARTS, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

**M E M O R A N D U M**

Before the Court is a motion by Defendant, Advance Auto Parts, Inc.,[1] to dismiss the complaint of Plaintiff, Timothy Hopson, Sr., for failure to exhaust administrative remedies and failure to state a claim on which relief can be granted. (Doc. 10.) Plaintiff, who is representing himself, has responded in opposition to the motion to dismiss. (Docs. 18, 19.) Defendant has not replied, and the time to do so has expired. *See* E.D. Tenn. L.R. 7.1(a)(3). For the reasons set out below, the Court will **GRANT** the motion to dismiss (Doc. 10) **IN PART**.

**I.   BACKGROUND**[2]

Plaintiff was hired as an employee at one of Defendant's retail sales locations on March 8, 2020. (Doc. 1-1 at 1.) On June 19, 2020, Plaintiff's district manager told Plaintiff that he would never advance with Defendant because of his diabetes and his age. (*Id.* at 1–2.)

---

[1] Defendant represents that its correct name is Advance Stores Company, Inc. (Doc. 10.)

[2] Unless otherwise stated, this summary of the facts accepts all the factual allegations in Plaintiff's Complaint as true. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Plaintiff obtained a note from his doctor on July 14, 2020, saying Plaintiff's moderately severe chronic obstructive pulmonary disease made it hard for Plaintiff to breathe while wearing a mask. (*Id.* at 7.) The note continued: "If the workplace checks him [and] he is free of COVID symptoms, [and] you feel the environment is safe, and his job is essential, then he is permitted to not wear a mask." (*Id.*) On July 27, 2020, however, a human resources representative for Defendant told Plaintiff that, despite the note, Plaintiff must either wear a mask or be terminated. (*Id.* at 2.)

On or about August 24, 2020, a representative of Defendant accused Plaintiff of breaking the window of a customer's car, when the window had in fact been broken several months before, in a different location, and by a different employee. (*Id.* at 3.)

On an unidentified date, Plaintiff gave a customer a set of brake pads and told the customer Plaintiff would pay for them. (*Id.* at 1.) Plaintiff, however, got busy and forgot to make the payment. (*Id.*) On August 27, 2020, an asset investigator for Defendant confronted Plaintiff about giving a customer a fuel pump off the record. (*Id.* at 1–2.) Plaintiff explained that he had offered to pay for brake pads for a customer, but he had gotten busy and forgotten to make the payment. (*Id.*) Plaintiff paid for the pads. (*Id.*) Defendant then terminated Plaintiff. (*Id.*) The termination notice cited "Failure to Protect Company Assets" and quoted from Defendant's Handbook defining as theft the allowing of any merchandise to leave the premises without prior payment. (*Id.* at 6.) Defendant had never been given a copy of the Handbook. (*Id.* at 3.) The Complaint notes that, two months earlier, another employee was caught using an in-store credit card the employee said she bought from a customer, but that employee was neither written up nor terminated. (*Id.* at 2.)

On or before September 1, 2020, Plaintiff filed an allegation of discrimination against Defendant with the Tennessee Human Rights Commission (the "THRC"). (*See id.* at 8 (letter to

2

Case 2:20-cv-00217-CLC-CRW   Document 20   Filed 01/14/21   Page 2 of 10   PageID #: 71

Plaintiff from THRC acknowledging receipt of claim (dated Sept. 1, 2020)).) Defendant asserts that, on September 22, 2020, the THRC transferred the case to the Equal Employment Opportunity Commission (the "EEOC") because the complaint concerned disability accommodations.[3] (*See* Doc. 11-1 (letter to Defendant from THRC regarding transfer of claim to EEOC (dated Sept. 1, 2020)).)

Plaintiff filed his Complaint in state court on September 10, 2020, alleging discrimination by Defendant based on Plaintiff's age and health and asserting three causes of action: discrimination (Count One); negligence (Count Two); and wrongful termination (Count Three). (Doc. 1-1.) Defendant removed the case to this Court on October 19, 2020, based on federal-question and diversity jurisdiction. (Doc. 1.)

Defendant filed a motion to dismiss the Complaint on October 26, 2020, as well as a memorandum in support. (Docs. 10, 11.) On November 4, 2020, ostensibly in response to the motion to dismiss, Plaintiff filed a motion for default judgment (Doc. 13) and a "motion of opposition" to stay the case and strike Defendant's motion to dismiss from the record (Doc. 14). The Court denied the motion for default judgment on November 17, 2020. (Doc. 16). The Court denied the motion to stay on December 7, 2020, and granted Plaintiff twenty-one days in which to respond to the motion to dismiss. (Doc. 17.) Plaintiff filed a response to the motion to dismiss on December 14, 2020 (Doc. 18), and a nearly identical response with one additional paragraph on December 18, 2020 (Doc. 19). Defendant has not filed a reply. The motion to dismiss is now ripe.

---

[3] Defendant relies on an exhibit to its memorandum of law to support its factual allegation regarding the transfer of the case to the EEOC. The Court does not consider the attachment to Defendant's response in analyzing Defendant's motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d) (court must either exclude matters outside the pleadings from consideration in connection with motion to dismiss or treat the motion as one for summary judgment).

3

## II.     STANDARD OF REVIEW

Defendant cites Rule 12(b)(6) of the Federal Rules of Civil Procedure in its motion (Doc. 10) and both Rule 12(b)(1) and Rule 12(b)(6) in its supporting memorandum (Doc. 11).

### A.     Rule 12(b)(1)

When a defendant moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving jurisdiction. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). A Rule 12(b)(1) motion may present either a facial attack, which questions the sufficiency of the pleadings, or a factual attack, which challenges the factual existence of subject-matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

### B.     Rule 12(b)(6)

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all of the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Hill v. Blue Cross & Blue Shield of Mich.*, 49 F.3d 710, 716 (6th Cir. 2005)). The court is not, however, bound to accept bare assertions of legal conclusions as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In deciding a motion under Rule 12(b)(6), a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

If a party presents matters outside the pleadings in connection with a motion to dismiss, the court must either exclude those matters from consideration or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). Documents attached to pleadings are considered part of the pleadings for all purposes, however, Fed. R. Civ. P. 10(c), and a court's consideration of documents referred to in a complaint and integral to the claims does not convert a motion to dismiss into a motion for summary judgment. *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

### III.  DISCUSSION

The Court's first task is to identify the causes of action in Plaintiff's Complaint.[4] The Complaint does not specifically cite any law on which he bases his causes of action. (*See* Doc. 1-1 at 1–4.) The Complaint does discuss Plaintiff's age, his health, persons with disabilities, and "Ada [sic] regulations." (*See, e.g.*, Doc. 1-1 at 3.) The Court therefore concludes Plaintiff is

---

[4] Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

5

asserting claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (the "ADA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* (the "ADEA").

Under this framework, the interpretation of Counts One and Two is straightforward. Count One is titled "Discrimination," and it mentions Plaintiff's age and health. (Doc. 1-1 at 3.) The Court therefore construes Count One as asserting claims under the ADEA and the ADA. Count Two is titled "Negligence," and it asserts a failure by Defendant "to comply with A[DA] regulations on persons with disabilities and health" when Defendant required Plaintiff to wear a mask despite his doctor's note. (*Id.*) The Court construes Count Two as asserting a claim under the ADA.

Count Three is titled "Wrongful termination," and it does not mention Plaintiff's health, disability, or age. (*See id.*) It alleges the following facts: Defendant's firing of Plaintiff for making an honest mistake; Defendant's failure to give Plaintiff a warning instead of terminating him; Defendant's reliance on a handbook Plaintiff had never received; and Defendant's false accusation that Plaintiff had broken a customer's window. (*Id.*) Construing Plaintiff's *pro se* Complaint liberally, however, *see Erickson*, 551 U.S. at 94, and in such a way as to do justice, Fed. R. Civ. P. 8(e), Plaintiff's Complaint as a whole makes clear Plaintiff alleges his termination was wrongful because it was based on his health, disability, or age, and that Defendant's stated reasons for termination were merely a pretext. The Court therefore construes Count Three as asserting claims under the ADEA and the ADA.

Having identified the causes of action in Plaintiff's Complaint, the Court turns to Defendant's arguments for dismissal of those causes of action.

6

### A. Failure to Exhaust ADA Claims

Defendant argues Plaintiff's ADA claims should be dismissed because Plaintiff has not shown he received a right-to-sue letter from the EEOC. (Doc. 11 at 2–3.) In response, Plaintiff argues he does not need such a letter because the discrimination he alleges was based first on age, and only secondarily on his health. (Doc. 18 at 1, Doc. 19 at 1.)

An employee who wishes to file a lawsuit claiming a violation of the ADA must first exhaust his or her administrative remedies by filing a timely charge with the EEOC and receiving a right-to-sue letter from the EEOC. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). The purpose of an EEOC charge "is to trigger the investigatory and conciliatory procedures of the EEOC so that the [EEOC] may first attempt to obtain voluntary compliance with the law." *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

Obtaining a right-to-sue letter is not a jurisdictional requirement. *Parry*, 236 F.3d at 309. Rather, obtaining a right-to-sue letter is a condition precedent to bringing a lawsuit. *Id.* Therefore, despite Defendant's citation of Rule 12(b)(1) at the beginning of its memorandum, it is appropriate for the Court to consider Defendant's exhaustion argument under the standard for Rule 12(b)(6).

Under the Rule 12(b)(6) standard, Plaintiff has not shown he exhausted his administrative remedies. He has not filed a copy of a right-to-sue letter with the Court, nor even alleged he received one. In fact, Plaintiff seems to acknowledge his failure to exhaust his ADA claims, arguing simply that exhaustion is not required for a claim of age discrimination. (Doc. 18 at 1, Doc. 19 at 1.) Because Plaintiff has not shown he exhausted his administrative remedies as to his ADA claims, he has failed to state a claim on which relief can be granted under the ADA. Therefore, the Court will **DISMISS** Plaintiff's ADA claims **WITHOUT PREJUDICE**.

### B. Failure to State a Claim in Count Three

The remaining claims are for discrimination in violation of the ADEA in Count One and for wrongful termination in violation of the ADEA in Count Three. Defendant asks the Court to dismiss Count Three for failure to state a claim on which relief may be granted. (Doc. 11 at 3.) Defendant makes no argument for dismissal of Plaintiff's ADEA claim in Count One.

Defendant argues Count Three "fails to allege facts inferring misconduct under any law," and "fails to allege facts giving notice of a claim upon which relief may be granted." (*Id.*) Plaintiff responds that he "has expressly given grounds of his claims for discrimination, and wrongful termination," and relies on his *pro se* status to excuse any errors in his Complaint.[5] (Doc. 19 at 2.)

The brevity and generality of Defendant's argument force the Court to guess at Defendant's meaning. But "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (second alteration in original; citation omitted). Moreover, to the extent the Court can discern Defendant's arguments, they do not support dismissal of Count Three.

If Defendant is complaining of Plaintiff's failure to identify a statute under which Plaintiff is suing, Defendant has not cited authority establishing such identification is required. Rule 8, for

---

[5] Plaintiff makes other arguments, but they are irrelevant at this stage in the litigation. He says he has provided proof his accusations are true (Doc. 18 at 1, Doc. 19 at 1), but proof is not required to defeat a motion to dismiss. What matters is whether the allegations in the Complaint state a claim on which relief may be granted. *See* Fed. R. Civ. P. 8(a), 12(b)(6). He points out that Defendant has not denied the accusations in the Complaint (*id.*), but Defendant is not required to admit or deny the allegations in the Complaint until after the Court rules on the motion to dismiss, *see* Fed. R. Civ. P. 8(b), 12(a)(4), 12(b). Finally, Plaintiff's assertions that he has named Defendant correctly and that Defendant has fired "Mr. Golden" and "Mr. Jenkins," which Defendant sees as a "sign of guilt," are irrelevant to Defendant's motion. (*See* Doc. 18 at 1–2, Doc. 19 at 1–2)

8

its part, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further states, "[n]o technical form is required," *id.* 8(d)(1).

If Defendant is complaining of Plaintiff's failure to expressly allege age discrimination within Count Three, Defendant has not shown why the Court should limit itself to that paragraph. While Plaintiff could have recited that he was incorporating his previous allegations into Count Three by reference, *see id.* 10(c), his failure to make that recitation does not require the Court to ignore the rest of the Complaint, given the liberal construction required for *pro se* pleadings, *see Erickson*, 551 U.S. at 94. Moreover, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

Finally, the Court is not persuaded by Defendant's unadorned recitation that Plaintiff "fails to allege facts inferring misconduct under any law." (*See* Doc. 11 at 3.) Plaintiff alleges age-biased statements made directly against him by his regional manager and a termination two months later. Taking Plaintiff's allegations as true, as the Court must do at this stage of the litigation, this is sufficient factual conduct to allow the Court to draw the reasonable inference that Defendant is liable for illegally terminating Defendant based on his age. *See Iqbal*, 556 U.S. at 678. To survive Defendant's motion to dismiss, no more is required.

Defendant's motion will be **DENIED** to the extent it seeks dismissal of Count Three.

### IV. CONCLUSION

Defendant's motion to dismiss (Doc. 10) will be **GRANTED IN PART** and **DENIED IN PART**. The Court will **DISMISS** the ADA claim in Count One, the entirety of Count Two, and the ADA claim in Count Three **WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

9

As previously ordered (*see* Doc. 17 at 1–2 n.1), if Plaintiff continues to represent himself in this litigation, he must familiarize himself with and follow the Federal Rules of Civil Procedure, which are publicly available through libraries and on various internet sites, and the Local Rules of the United States District for the Eastern District of Tennessee, available at htttps://www.tned.uscourts.gov/sites/tned/files/localrules.pdf. Plaintiff must also familiarize himself with and follow the judicial preferences of the undersigned, available at https://www.tned.uscourts.gov/content/curtis-l-collier-senior-united-states-district-judge.

**An appropriate order will enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**